IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHARI LINDENBAUM, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 1:17-cv-1991 |
| Plaintiff, | ) ) | Hon. Solomon Oliver, Jr. |
| v. | ) ) | |
| LYFT, INC., | ) ) | |
| Defendant. | ) | |

**DEFENDANT LYFT, INC.'S MOTION FOR CLARIFICATION OF ITS OBLIGATION TO RESPOND TO THE COMPLAINT OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME TO FILE AN ANSWER**

Defendant Lyft, Inc. respectfully moves for an order clarifying that its impending filing of a motion to dismiss under Rule 12(b) will satisfy its obligation to respond to Plaintiff's Complaint (Dkt. No. 1); or, in the alternative, for a thirty-day extension of time to file an answer. In support of this motion, Lyft states as follows:

1. Plaintiff's Complaint in this case was filed on September 22, 2017, and Lyft was served the same day. The case was originally assigned to the Honorable James S. Gwin.

2. On October 11, 2017, Lyft filed an unopposed motion for an extension of time until November 13, 2017 to respond to the Complaint (Dkt. No. 5), which Judge Gwin granted on October 12, 2017. Pursuant to Judge Gwin's individual motion practices set forth in his Case Management Conference Scheduling Order (*see* Dkt. No. 7, at 5), the order granting the extension motion required Lyft to file an answer to the Complaint regardless of whether it plans to file a motion to dismiss. Judge Gwin's individual practices depart from the usual rule that a Rule 12 motion satisfies a defendant's obligation to respond to a complaint in lieu of filing an answer. *See* Fed. R. Civ. P. 12(a)(4).

3. On October 17, 2017, Judge Gwin entered an order of recusal (Dkt. No. 9), and the case was assigned to this Court on the same day. This Court entered its own Case Management Conference Scheduling Order on October 23, 2017 (Dkt. No. 10), which does not contain the same requirement that a defendant answer a complaint regardless of whether it plans to file a motion to dismiss.

4. Lyft intends to file a motion to stay or to dismiss on the current deadline of Monday, November 13, 2017. Lyft believes that the reassignment of the case to this Court and the entry of an intervening scheduling order incorporating this Court's individual practices means that it no longer is required also to file an answer to the Complaint on that date. Out of an abundance of caution, Lyft is filing the instant motion to clarify its obligations following the reassignment of the case to this Court.

5. If this Court concludes that Lyft is required to file an answer to the Complaint, Lyft respectfully requests in the alternative a thirty-day extension of time to file its answer, up to and including December 13, 2017, so that Lyft has sufficient time to research and prepare an appropriate answer to the allegations in the complaint.

For the foregoing reasons, Lyft respectfully requests an order clarifying that the timely filing of a motion to dismiss satisfies its obligation to respond to Plaintiff's Complaint; or, in the alternative, a thirty-day extension of time, up to and including December 13, 2017, in which to answer Plaintiff's Complaint.

Dated: November 10, 2017   Respectfully submitted,

s/ Stephen E. Baskin
Stephen E. Baskin (0065662)
Archis A. Parasharami (*pro hac vice*)
Daniel E. Jones (*pro hac vice*)
Mayer Brown LLP
1999 K Street, N.W.

        Washington, D.C. 20001
        (202) 263-3000
        sbaskin@mayerbrown.com

*Counsel for Defendant Lyft, Inc.*

4

## **CERTIFICATE OF SERVICE**

The foregoing document was filed electronically with the Court on November 10, 2017 using the CM/ECF system, which will send notification to the attorneys of record in this matter who are registered with the Court's CM/ECF system.

s/ Stephen E. Baskin<br>
Stephen E. Baskin